[No. 6517-3-I.   Division One.   October 27, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS H. VANNOY, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. RONALD GENE WILLIAMS, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DAVID ARLYN VANNOY, *Appellant.*

*Robert Olson* of *Seattle–King County Public Defender Association, Fox & Adams, Christopher J. Fox,* and *David C. Nordeen,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Gordon Jones, Deputy,* for respondent.

PER CURIAM.—On March 3, 1980, this court filed its opinion in this consolidated appeal, *State v. Vannoy,* 25 Wn. App. 464, 610 P.2d 380 (1980), wherein the court affirmed the second degree robbery convictions of defendants Ronald Williams and David Vannoy, and reversed and granted a new trial for the conviction of Thomas Vannoy for rendering criminal assistance.

On April 23, 1980, counsel for Ronald Williams and David Vannoy filed a petition for review to the Supreme Court of this court's decision.[1] Following consideration by that court, the following notation order was entered: "Remand to Court of Appeals to reconsider in light of decisions of this Court". The only issue to be considered on remand is the applicability of *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), to the robbery convictions of Ronald Williams and David Vannoy. The State has conceded that in view of *State v. Workman, supra,* the judgments must be affirmed but the sentences must be vacated and remanded to the trial court for resentencing without reference to the special firearm provision of RCW 9.41.025.

Accordingly, the convictions of Ronald Williams and David Vannoy are affirmed, *State v. Vannoy, supra,* but in light of *State v. Workman, supra,* the sentences are

---

[1]The State did not move for reconsideration of that portion of the opinion granting a new trial to Thomas Vannoy, and that portion of the opinion is final.

vacated and the causes remanded to the trial court for resentencing.